# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TAJU AHMED,<br><br>                   Petitioner,<br><br>vs.<br><br>DAVID KNOWLES,<br><br>                   Respondents. | Civil No.   08-1352 BTM (NLS)<br><br>**ORDER DISMISSING HABEAS PETITION WITHOUT PREJUDICE AS SECOND OR SUCCESSIVE** |

On July 26, 2008, Petitioner, a state prisoner proceeding pro se, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254.  In this action, Petitioner appears to challenge his San Diego County Superior Court conviction and sentence for first degree murder in Case No. SDC120898.  (*See* Petition at 16-23.)

## **PRIOR FEDERAL HABEAS PETITIONS DENIED ON THE MERITS**

On January 13, 2000, Petitioner filed in this Court a Petition for Writ of Habeas Corpus in SO. DIST. CA. CIVIL CASE NO. 00cv0084 W (AJB).  (*See* Petition in SO. DIST. CA. CIVIL CASE NO. 00cv0084 W (AJB), filed 1/13/00.)  In that petition, Petitioner challenged his conviction and sentence in San Diego Superior Court case No. SDC120898.  On September 22, 2000, this Court dismissed the petition because Petitioner's claims were procedurally defaulted.  (*See* Order filed 9/22/00 in SO. DIST. CA. CIVIL CASE NO. 00cv0084 W (AJB) [doc. no. 22].)  Petitioner appealed that determination, and on November 25, 2003 the Ninth Circuit vacated this Court's decision and remanded the case back to this Court for consideration in light of the Ninth Circuit's

decision in *Bennett v. Mueller*, 322 F.3d 573 (9th Cir. 2003). (*See* Order dated 11/25/03 in SO. DIST. CA. CIVIL CASE NO. 00cv0084 W (AJB) [doc. no. 34].)

Following the remand, this Court again dismissed the petition as procedurally defaulted on October 14, 2004. (*See* Order filed 10/14/04 in SO. DIST. CA. CIVIL CASE NO. 00cv0084 W (AJB) [doc. no. 55].) On May 12, 2006, the Ninth Circuit upheld this Court's dismissal. (*See* Order filed 5/12/06 in SO. DIST. CA. CIVIL CASE NO. 00cv84 W (AJB) [doc. no. 66].)

### INSTANT PETITION BARRED BY GATEKEEPER PROVISION

Petitioner is now seeking to challenge the same conviction he challenged in his prior federal habeas petition. "[A] denial on grounds of procedural default constitutes a disposition on the merits and thus renders a subsequent § 2254 petition or § 2255 motion 'second or successive' for purposes of the AEDPA." *Henderson v. Lampert*, 396 F.3d 1049, 1053 (9th Cir. 2005), citing *Carter v. United States*, 150 F.3d 202, 205 (2d Cir. 1998) (per curiam). Unless a petitioner shows he or she has obtained an order from the appropriate court of appeals authorizing the district court to consider a successive petition, the petition may not be filed in the district court. *See* 28 U.S.C. § 2244(b). Here, there is no indication the Ninth Circuit Court of Appeals has granted Petitioner leave to file a successive petition.

### CONCLUSION

Because there is no indication Petitioner has obtained permission from the Ninth Circuit Court of Appeals to file a successive petition, this Court cannot consider his Petition. Accordingly, the Court **DISMISSES** this action without prejudice to Petitioner filing a petition in this court if he obtains the necessary order from the Ninth Circuit Court of Appeals. THE CLERK OF COURT IS DIRECTED TO MAIL PETITIONER A BLANK NINTH CIRCUIT APPLICATION FOR LEAVE TO FILE A SECOND OR SUCCESSIVE PETITION.

The Clerk shall close the file.

**IT IS SO ORDERED.**

DATED: August 8, 2008

*Barry Ted Moskowitz*
Honorable Barry Ted Moskowitz
United States District Judge

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28